THE CORPORATE BOARD OF UNION LODGE, NO. 11, OF FREE AND ACCEPTED MASONS OF ORANGE, NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT, v. J. R. EVANS COMPANY, A CORPORATION, AND JOHN R. EVANS, FORMERLY TRADING UNDER THE NAME OF J. R. EVANS & COMPANY, RESPONDENTS.

Argued October 23, 1925—Decided February 1, 1926.

On appeal from the Supreme Court, Essex County, in which Dungan, Circuit Court Judge, filed the following opinion:

"The complaint in this case is in the usual form in ejectment, which, upon the face of it, gives the court no information of the ground upon which the plaintiff claims the right to recover possession of the premises, but as I understand from the proofs and the argument, the plaintiff claims the right to recover possession of the premises upon two principal grounds and a third ground which depends upon the others.   The first is that, contrary to the conditions of the lease, the defendant has underlet the premises to the Evans company, a corporation; second, that it is a violation of the condition and covenants of the lease for the defendant to assign this lease, and the other point which has been suggested, the third one, that, through the underletting or the assignment of the lease, the plaintiff's security mentioned in the lease under the title "security" has been destroyed.

"I think the court ought not to grant this motion for nonsuit upon the ground that no assignment of the lease has been proven, and that there has been no acceptance of the assignment. I think that sufficiently appears from the affidavits of Mr. Evans and Mr. Hoyt, which have been introduced in evidence.

"In the case of *West Shore Railroad Co.* v. *Wenner,* 70 *N. J. L.* 233 (at *p.* 240), to which the plaintiff has referred, Mr. Justice Dixon distinctly says that the assignment of a lease and subletting for part of the term are totally distinct transactions, so that a covenant against one does not include the other.

"It is insisted that a careful reading of this lease will indicate to the court that the assignment of the lease includes a subletting, but, as I have read the case, with such care as I am able during the trial of a case, I find that the provision of the lease in question there was against both subletting and assignment, and that the reason for this statement of Mr. Justice Dixon, which occurs in next to the last paragraph of the opinion, very clearly appears from a reading of the preceding paragraphs.

"An earlier case decided by Chief Justice Beasley, the case of *Fields* v. *Mills,* distinctly decided that an assignment is not a violation of a covenant in a lease not underlet, rejecting the authority of the English case of *Greenaway* v. *Adams,* which had been cited in *Fields* v. *Mills* as an authority for the contrary proposition. In the case of *Braunstein* v. *McGrory Stores Corp.,* 93 *N. J. Eq.* (at *p.* 419), the present Chief Justice, writing the opinion, says (at *p.* 420) : 'The rule is entirely settled in this state that, unless a lease contains a provision restraining the lessee from underletting the demised premises or assigning the lease, the lessee is entitled to do one or the other at his own pleasure, notwithstanding the objection of the landlord.'

"There is no proof in this case that there has been any subletting of these premises, separate and distinct from the assignment of the lease, or, in other words, except such as may be involved in the assignment of the lease, and, as

attention has just been directed to those cases which hold that those covenants are separate and distinct, as has been suggested in the argument for the defendant, the policy of the law is against restraint of alienation, restraint of assignment of the lease, and provisions of the lease, which it is claimed are against such an assignment, ought to be strictly construed by the court against the lessor. The court should not read into the lease such a covenant or condition unless such a prohibition especially appears by the document itself. The condition of the lease, or the provisions of the lease upon which the plaintiff relies as ground for its claim that this lease has been violated so as to work a forfeiture is, 'In case a corporation is formed by the said tenant, the landlord, or its successors, will consent to the assignment of this lease to the said corporation: provided, however, it is satisfied with the standing and rating of the said corporation, and John R. Evans shall enter into a bond with the landlord guaranteeing the fulfillment of all the provisions of this lease.' There is nothing in this lease from which the court would have a right to find that the assignment of the lease is forbidden by its terms.

"The usual form of a lease from which I read in Honeyman's New Jersey law forms, which is substantially the same in all the forms where such alienation is provided against, is in these words: 'And the said party of the second part further covenants that he will not assign this lease, or underlet the said premises, or any part thereof, to any person or persons whomsoever without first obtaining the consent of the party of the first part.' When this lease in question was drawn there was no difficulty in placing in it a provision with reference to underletting, the words being, 'the tenant will not, without the written consent of the landlord, be first had and obtained, let or underlet the premises, or any part thereof.'

"If this lease were intended to prohibit the assignment, it would have been perfectly easy to have just inserted those words in that paragraph. They were not inserted. They are in all law forms. There must have been some reason

why they were not inserted, and, if not inserted, the court must now assume that it was not intended to prohibit the assignment of the lease, since the subletting is prohibited.

"Under this title, 'assignment of lease,' there certainly is no prohibition against the lessee assigning that lease to anybody else except the corporation which he formed. It could have been assigned to an individual. It could have been assigned to any other corporation. What would be the reason for saying that the court ought to read into that paragraph a prohibition that the lease could not be assigned to such a corporation as Evans might form? The question, then, may be asked why then put it in there at all, why was it put in there if it was not put in there for the purpose of forbidding the assignment to a corporation which Evans might form without the consent of the lessor, after being satisfied that the standing and rating of the corporation and unless Evans should enter into a bond? It seems to me that the reason for that is quite evident. The consent of the lessor to such an assignment would be, as has been suggested, to change the obligation of Evans from the principal debtor under the lease to that of surety.

"When we can discover in such a provision in the lease a reason for it, the court ought not read into the lease a covenant or condition which is not expressly stated in the lease, and certainly one which is against public policy. That being the view of the court, the nonsuit must follow, and an exception to that ruling of the court as ground of appeal will be noted."

For the appellant, *Aquila N. Venino.*

For the respondents, *Insley, Vreeland & Decker.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons expressed in the opinion delivered by Dungan, Circuit Judge.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, LLOYD, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.